UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT NEVILLE, MD,<br><br>        Plaintiff,<br><br>v.<br><br>MARGUERITE DILL,<br><br>        Defendant. | Case No.: 19cv321-CAB-MDD<br><br>**ORDER REGARDING EX PARTE MOTION TO DISMISS [Doc. No. 20]** |

On August 13, 2019, Plaintiff Robert Neville ("Plaintiff") filed a "Voluntary Dismissal" [Doc. No. 25], which this Court deemed an ex parte motion to dismiss pursuant to Fed.R.Civ.P. Rule 41(a)(2) [Doc. No. 26]. On August 20, 2019, Defendant Marguerite Dill ("Defendant") filed a conditional non-opposition to the motion. [Doc. No. 29.] No reply has been filed. The motion is granted with modification as set forth below.

**Background**

On January 3, 2019, the United States District Court for the Southern District of Georgia permanently enjoined Plaintiff "from, either directly or indirectly, litigating the administration of Jessica Neville's estate or the Bulloch Property transaction any further in this Court." *Neville v. McCaghren* ("McCaphren Action")*,* Case No. 6:17cv75-JRH-

JEG, 2019 WL 97836, at *6 (Jan. 3, 2019).[1]  Just over a month later, on February 14, 2019 Plaintiff, proceeding *pro se* and *in forma pauperis*, filed an action in this Court related to the administration of Jessica Neville's estate and the Bulloch Property transactions, this time naming Marguerite Dill as defendant.  [Doc. Nos.  1, 6, 7.] Defendant filed her answer on May 7, 2019. [Doc. No. 10.]

On May 16, 2019, Magistrate Judge Mitchell D. Dembin issued a Notice and Order for Early Neutral Evaluation and Case Management Conference to be held June 20, 2019. [Doc. No. 11.] On June 20, 2019, Defendant and her attorneys appeared for the ENE/CMC, but Plaintiff failed to appear. The Court issued an OSC the same day [Doc. No. 14], ordering Plaintiff to personally appear at a hearing on July 26, 2019 to show cause why he should not be sanctioned for failing to appear at the ENE/CMC.

On July 22, 2019, Plaintiff filed a response to the OSC requesting leave to appear at the July 26 OSC hearing by telephone, which request was granted by Judge Dembin on July 24, 2019. [Doc. Nos. 16, 17.]

On July 26, 2019, Defendant personally appeared with her attorneys for the OSC hearing, while Plaintiff made an appearance by phone. Judge Dembin advised Plaintiff that he would be issuing sanctions for Plaintiff's failure to appear at both hearings set to date, and invited Defendant to submit an *ex parte* request for attorneys' fees and costs incurred in connection with both the ENE/CMC and the OSC hearing. Judge Dembin also set another ENE/CMC for August 20, 2019, at which the parties were ordered to personally appear in accordance with the Court's rules. [Doc. No. 23.]

On August 2, 2019, pursuant to Judge Dembin's instruction, Defendant filed and served an ex parte request for costs in the amount of One Thousand & 00/100 Dollars ($1000.00), representing Defendant's costs incurred in connection with the ENE/CMC and the OSC hearing. [Doc. No. 18.]

---

[1] The McCaghren Action named as defendant Elizabeth McCaghren, Defendant Dill's sister and Plaintiff Neville's half-sister. McCaghren, Neville and Dill are all children of Jessica Neville, who was killed in a Florida house fire in 2008.  *See* 2019 WL 97836 at *1; Doc. No. 6 at 1.

On August 2, 2019, Plaintiff filed a letter with this Court, which was docketed as an objection [Doc. No. 20], requesting removal of Judge Dembin from presiding as magistrate in this matter and requesting assignment of a new magistrate judge. On August 5, 2019, this Court denied the objection. [Doc. No. 21.]

On August 13, 2019, Plaintiff filed a notice of voluntary dismissal, which this Court docketed as the presently pending ex parte motion to dismiss the action. [Doc. No. 25.] This Court set a briefing schedule on the same date. [Doc. No. 26.]

On August 15, 2019, Judge Dembin issued an order sanctioning Plaintiff and awarding Defendant her costs as submitted. [Doc. No. 28.] Judge Dembin also vacated the ENE/CMC hearing scheduled for August 20, 2019. [Doc. No. 27.]

**Discussion**

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Dismissal is without prejudice unless the order states otherwise. Id. "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (internal citation omitted) (*citing Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987); *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) ). Whether to grant a voluntary dismissal under Rule 41(a)(2) lies in the sound discretion of the district court. *See Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

Here it appears that Plaintiff has engaged in forum-shopping in an attempt to circumvent the rulings and sanctions issued in the McCaghren Action. Then, after failing to appear at two hearings in this action, and being sanctioned by Judge Dembin, Plaintiff has asked to dismiss this case. In order to prevent further prejudice to Defendant, the terms for dismissal that this court "considers proper" are that the dismissal be with prejudice and that Defendant be awarded costs as previously ordered by Judge Dembin.

## Conclusion

For the reasons set forth above, the ex parte motion to dismiss pursuant to Fed.R.Civ.P. Rule 41(a)(2) is **GRANTED** as follows: This action is **HEREBY DISMISSED WITH PREJUDICE** and Plaintiff is required to pay the sanctions in the amount of $1,000 awarded to Defendant**.** The Clerk shall enter judgment for Defendant and **CLOSE** the case.

**IT IS SO ORDERED**.

Dated: September 6, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge