UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT NEVILLE, MD,<br><br>                Plaintiff,<br><br>v.<br><br>MARGUERITE DILL,<br><br>                Defendant. | Case No.: 19cv321-CAB-MDD<br><br>**ORDER DENYING PLAINTIFF'S RULE 60 MOTION [Doc. No. 34] AND REQUEST FOR TELEPHONIC HEARING [Doc. No. 35]** |

On August 13, 2019, Plaintiff Robert Neville ("Plaintiff") filed a "Voluntary Dismissal" [Doc. No. 25], which this Court deemed an ex parte motion to dismiss pursuant to Fed.R.Civ.P. Rule 41(a)(2) [Doc. No. 26]. On September 6, 2019, pursuant to its complete discretion under Rule 41(a)(2), the Court granted Plaintiff's motion, dismissed the action with prejudice, and awarded Defendant $1,000 in costs. [Doc. No. 30.] On September 6, 2019, judgment was entered accordingly for Defendant. [Doc. No. 31.] On December 4, 2019, Plaintiff filed a Rule 60 Motion. [Doc. No. 34.] On December 20, 2019, Plaintiff filed a request for telephonic hearing on pending Rule 60 motion. [Doc. No. 35.] For the reasons set forth below, both motions are **DENIED.**
/ / / / /
/ / / / /

A. Legal Standard.

Rule 60 provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994). The Rule identifies six permissible grounds for relief from a final judgment, order, or proceeding, namely: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) and other reason justifying relief." Fed. R. Civ. P. 60(b). Further, the Rule provides that a motion brought under it "must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order of the date of the proceeding." Fed. R. Civ. P. 60(c).

B. Discussion.

Here, Plaintiff does not state under which of the six permissible grounds he is seeking relief under Rule 60. Rather, he argues with a prior ruling in the case where the magistrate judge required his personal appearance at a hearing.[1] However, it was Plaintiff who requested dismissal of his case pursuant to Fed.R.Civ.P. Rule 41(a)(2). [Doc. No. 25, 26.] Under Rule 41(a)(2), this Court has complete discretion to grant such a request under the terms it deems appropriate. *See Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). That is exactly what this Court did. [Doc. No. 30.] Plaintiff has not shown any "exceptional circumstances" to warrant Rule 60 relief from that ruling. *Engleson*, 972 F.2d at 1044.

/ / / / /

/ / / / /

---

[1] In support of that argument, Plaintiff has filed the affidavit of Daniel G. Abel, who apparently is a friend of Plaintiff's and represents that he is an attorney. However, Mr. Abel is not an attorney of record in this case. Therefore, Mr. Abel's personal opinions regarding the merits of Plaintiff's case, as well as Plaintiff's financial and physical health, lack foundation and are irrelevant.

2

19cv321-CAB-MDD

C. Conclusion.

For the reasons set forth above, the Rule 60 motion and the Request for Telephonic Hearing are **DENIED.**

Dated: December 27, 2019

Hon. Cathy Ann Bencivengo
United States District Judge